NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 12-2210

ANTONIUS LUGITA;
MIN HOEN HENG,

Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
(Nos. A095-429-472 and A095-429-473)
Immigration Judge: Miriam K. Mills

Submitted pursuant to Third Circuit LAR 34.1(a)
October 31, 2013

Before: McKEE, *Chief Judge*, FISHER and
SLOVITER, *Circuit Judges*

(Opinion filed: November 20, 2013)

OPINION

McKEE, *Chief Judge*.

Antonius Lugita and Min Hoen Heng, husband and wife, petition for review of an

Order of the Board of Immigration Appeals ("BIA") affirming the decision of an

Immigration Judge ("IJ") that denied their applications for asylum, withholding of

removal and protection under the Convention Against Torture ("CAT"). For the reasons

that follow, we will dismiss the petition for review without prejudice, and remand to the BIA for proceedings consistent with this opinion.

Because we write primarily for the parties, we will recite only as much of the factual and procedural history of this case as is necessary for our disposition of the petition for review.

Lugita filed an application for asylum, withholding of removal and protection under the CAT, alleging that he fears persecution in Indonesia on account of his Chinese ancestry and Christian religion. Lugita listed his wife, Heng, as a derivative applicant on his application. They later conceded removability before IJ Donald V. Ferlise. Heng then filed her own separate applications for asylum, withholding of removal and protection under the CAT, along with a memorandum explaining why her untimely asylum application should be deemed timely filed.[1]

Following a hearing, IJ Ferlise rendered an oral decision finding them removable as charged and denying their applications for relief. He also denied Heng's independent application for relief as untimely. IJ Ferlise concluded that Heng did not qualify for the extraordinary circumstances exception to the one-year filing deadline because she failed to comply with the regulatory requirements for raising an ineffective assistance of counsel claim. *See* 8 C.F.R. § 208.4(a)(5)(iii). The IJ also concluded that Lugita and Heng were "totally incredible" and had submitted frivolous asylum applications. In the alternative, the IJ assumed *arguendo* they were credible but denied relief on the merits.

---

[1] We assume that Heng filed her own application because, while one spouse may derive asylum from the other, there is no similar provision for withholding of removal. 8 U.S.C. § 1231(b)(3).

2

The IJ later vacated the finding of frivolousness, but reaffirmed the denial of relief on the merits.

The BIA adopted and affirmed IJ Ferlise's decision, and Lugita and Heng filed a petition for review with us. *Lugita v. Att'y Gen.*, No. 05-3279 (3d Cir. July 1, 2005). To its credit, the government filed a motion with us requesting that the case be remanded to the agency for readjudication because IJ Ferlise's adverse credibility determination appeared to be based, in part, upon speculation.[2] The BIA subsequently remanded to the IJ because readjudication of Lugita's and Heng's credibility required further fact-finding. Since IJ Ferlise was no longer with the agency, the matter was assigned to IJ Miriam K. Mills.

When Lugita and Heng appeared before IJ Mills, they rested on the testimony they had given before IJ Ferlise. However, the parties supplemented the record with more recent background evidence, including the State Department's most recent Country Report on Human Rights Practices and International Religious Freedom Reports for Indonesia. Heng also asked IJ Mills to reconsider IJ Ferlise's finding that her asylum application was untimely.[3]

On February 23, 2012, IJ Mills issued a written decision denying Lugita's and Heng's applications and ordering them removed to Indonesia. IJ Mills concluded that

---

[2] We commend counsel for the government for the exemplary way this matter has been handled. We have previously expressed our concern in chronicling IJ Ferlise's treatment of applicants appearing before him. *Cham v. Att'y Gen.*, 445 F.3d 683 (3d Cir. 2006).

[3] Heng conceded that she had not complied with the procedural requirements for raising an ineffective assistance of counsel claim.

Lugita and Heng were credible and that their testimony was sufficiently corroborated. However, she concluded that Heng was not eligible for asylum in her own right because she had failed to file her application before the one-year deadline expired or show that an exception to that deadline applied. *See* 8 U.S.C. § 1158(a)(2)(B). Specifically, IJ Mills concluded that Heng could not show that ineffective assistance of counsel constituted an extraordinary circumstance that would excuse her tardiness in applying for asylum because she had not complied with the procedural requirements for raising a claim of ineffective assistance of counsel. The IJ also concluded that the substantive claims raised by Lugita and Heng were without merit. Lugita and Heng appealed IJ Mills's decision to the BIA which dismissed the appeal in a written opinion dated April 3, 2012. The BIA concluded that IJ Mills correctly found that Heng failed to demonstrate extraordinary circumstances that would excuse her failure to file a timely asylum application. The BIA rejected Heng's argument, raised on appeal, that her asylum application should be considered timely because she was listed as a derivative applicant on Lugita's asylum application, and it affirmed the IJ's findings that Lugita was not eligible for asylum, withholding of removal and protection under the CAT. However, the BIA was silent as to the IJ's findings that Heng was ineligible for withholding of removal or protection under the CAT.

This petition for review followed. Lugita and Heng raise a number of issues in their petition, including whether the BIA erred in determining that her initial filing was untimely even though she was listed as a derivative applicant on Lugita's timely asylum application. Heng argues that her inclusion as a derivate applicant on Lugita's timely

4

application rendered her late-filed application timely. However, given the procedural posture of this case, we are not able to address this issue or any of the other issues raised by Lugita and Heng. The BIA did not determine if the IJ's finding that Heng was ineligible for withholding of removal or protection under the CAT was correct. Accordingly, we will dismiss this petition for review without prejudice and remand to the BIA for a determination of Heng's claims for withholding of removal and protection under the CAT in the first instance.[4]

---

[4] In doing so, we do not take any position with regard to Heng's claim that her request for asylum was timely because it is a derivative claim of her husband's timely filed asylum petition.